168 So. 456

## RAMER v. STATE.

### 4 Div. 243.

Court of Appeals of Alabama.

May 19, 1936.

E. O. Baldwin, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant and two others (not on trial) were jointly indicted, charged with the offense of assault with intent to murder upon one Johnny Stokes. The indictment was returned into court at the September term, *1932,* but for some reason, not shown by the record, the case was not tried until July 26, *1935;* the trial resulted in the conviction of this appellant as charged in the indictment. The court, as the law requires, rendered judgment of conviction and duly sentenced the defendant to serve an indeterminate term of imprisonment in the penitentiary. From said judgment this appeal was taken and the transcript was here filed on April 29, *1936.* The submission of the cause was had on that date. Thus it appears about four years elapsed between the trial of this appellant and the submission of the cause in this court. Incidents of this character are responsible for the criticisms of delay in the trial of cases. As the appellate courts of this state are now constituted, prompt decisions and adjudications are had in practically every matter submitted for consideration. The

appellate courts cannot be chargeable to undue delay, and it is difficult to understand, as in the case at bar, why three or four years should elapse before any case is tried and finally determined.

■ The evidence for the state, in this case, tended to show an unprovoked murderous assault by this appellant upon Johnny Stokes, who was severely injured by having been struck with some blunt instrument in or near his eye and upon his face and head. This evidence also tended to connect the other two persons named in the indictment with the commission of the offense charged.

The evidence of the defendant and his witnesses was in conflict with that of the state, but tended to show there was a general fight upon the occasion in question. The jury were the sole judges of the facts, and, in our opinion, their verdict was sustained by the evidence in this case.

■ But few exceptions were reserved pending the trial, and none of them can be sustained, as the rulings of the court complained of were as to matters clearly of the res gestæ; therefore the objections interposed to questions as to what was said and done by the defendant and other participants of the difficulty during its actual occurrence were relevant and admissible under the simplest rules of evidence. A detailed discussion in this connection is unnecessary, and will not be indulged.

No special written charges were requested. No exception to the court's oral charge was reserved, nor was there a motion for a new trial. The record is regular. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.